IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| BETTY ANN WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 315-052 |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Betty Ann Wright appeals the decision of the Acting Commissioner of Social Security denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

**I.      BACKGROUND**

Plaintiff protectively applied for DIB and SSI on January 22, 2009, alleging a disability onset date December 11, 2008. Tr. ("R."), pp. 201, 581-91, 686. Plaintiff was forty-seven years old at her alleged disability onset date and was fifty-three years old when the Administrative Law Judge ("ALJ") issued the decision currently under consideration. R. 210, 581. Plaintiff

applied for disability benefits based on a combination of alleged impairments, including Hepatitis C, cirrhosis of the liver, gastroesophageal issues, and depression. R. 203-04, 253-56, 661. Prior to her alleged disability, Plaintiff accrued a relevant work history that included working as a store manager at a convenience store. R. 209, 250, 264-65.

The Social Security Administration denied Plaintiff's applications initially and on reconsideration. R. 311-14. Plaintiff then requested a hearing before an ALJ, R. 372-74, and the ALJ held a hearing on October 29, 2010. R. 277-310. The ALJ issued an unfavorable decision on January 18, 2011, R. 315-29. The Appeals Council ("AC") vacated the January 18th decision and remanded the case. R. 352-56. The AC directed that a new ALJ hear the case on remand, finding an abuse of discretion by the first ALJ evidenced by "the repetitive use of pejorative and emotionally charged words and phrases" in the first administrative opinion. R. 354.

A new ALJ held two hearings, one on September 11, 2013, and one on January 28, 2014. R. 220-76. At the hearings, the ALJ heard testimony from Plaintiff, who was represented by counsel, and from Kim Bennett, a Vocational Expert ("VE"). Id. On April 4, 2014, the ALJ issued an unfavorable decision. R. 198-219.

Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since December 11, 2008, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.* and 416.971 *et seq.*).

2. The claimant has the following severe impairments: Hepatitis C and cirrhosis of the liver (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

> 4. The claimant has the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except the claimant cannot climb ropes, ladders, or scaffolds; can frequently climb stairs and ramps; and can occasionally stoop, kneel, crouch, and crawl.[1] The claimant should avoid concentrated exposure to heat, humidity, cold, gases, and fumes, and should avoid vibration, unprotected heights, and other hazards. The claimant has no limitations regarding concentration, persistence and pace and no social deficits. Based on this RFC and the testimony of the VE, the claimant is capable of performing past relevant work as a department manager, as the claimant actually performed it. This work does not require the performance of work-related activities precluded by the claimant's RFC (20 C.F.R. §§ 404.1565 and 416.965).

R. 203-09.

Because the ALJ determined Plaintiff could perform her past relevant work, the sequential evaluation process stopped, and the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from December 11, 2008, through the date of the decision, April 4, 2014. R. 210. When the AC denied Plaintiff's request for review, R. 1-7, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of the adverse decision. Plaintiff argues the Commissioner's decision is not supported by substantial evidence because (1) the postural restrictions found by the ALJ preclude Plaintiff from performing her past

---

[1]"Light work" is defined as:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b) & 416.967(b).

3

relevant work as she testified she actually performed it; (2) the ALJ improperly analyzed Plaintiff's mental functioning, including failing to adequately explain the weight accorded to the opinion of a state agency psychologist and to acknowledge probative global assessment of functioning ("GAF") scores in the record; and (3) the ALJ improperly evaluated Plaintiff's credibility. See doc. no. 11 ("Pl.'s Br.") & doc. no. 15 ("Pl.'s Reply"). The Commissioner maintains the ALJ's ultimate decision that Plaintiff was not disabled is supported by substantial evidence. See doc. no. 12 ("Comm'r's Br.").

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds

substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

The case should be remanded because the ALJ failed to properly analyze Plaintiff's mental functioning, including failing to adequately explain the weight accorded to the opinion of a state agency psychologist. The administrative record regarding Plaintiff's mental functioning is, at best, confusing. The ALJ's discussion of Plaintiff's mental functioning is internally inconsistent, thereby making it impossible for the Court to determine whether the administrative decision is supported by substantial evidence.

### A. Weight Required to Be Afforded to the Opinion of a State Agency Psychologist

When considering how much weight to give a medical opinion, the ALJ must consider a number of factors:

> (1) whether the doctor has examined the claimant; (2) the length, nature and extent of a treating doctor's relationship with the claimant; (3) the medical evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's "opinion is with the record as a whole"; and (5) the doctor's specialization.

Forsyth v. Comm'r of Soc. Sec., 503 F. App'x 892, 893 (11th Cir. 2013) (citing 20 C.F.R §§ 404.1527(c), 416.927(c)). In the absence of a statement from the ALJ concerning the weight given to different medical opinions and the reasons for assigning such weight, the reviewing court will be unable to determine whether the decision is supported by substantial evidence. Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011).

Social Security Ruling ("SSR") 96-6p provides that findings of fact made by state agency medical and psychological consultants regarding the nature and severity of an individual's impairments must be treated as expert opinion evidence of a nonexamining source at the ALJ and AC levels of administrative review. SSR 96-6p, 1996 WL 374180, at *1 (July 2, 1996). Although ALJs are not bound by the findings of state agency doctors, "they may not ignore these opinions and must explain the weight given to the opinions in their decisions." SSR 96-6p. Numerous courts have recognized this duty to address the opinions of state agency doctors. Wade v. Colvin, No. 3:12-cv-853-J-MCR, 2013 WL 3153846, at *4 (M.D. Fla. June 19, 2013) (remanding to Commissioner, in part, because of failure to explain rejection of part of opinion offered by state agency consultant); Plourde v. Barnhart, No. 02-164-B-W, 2003 WL 22466176, at *4 (D. Me. Oct. 31, 2003) (relying on

SSR 96-6p to conclude that "[w]ithout discussion or explanation, the administrative law judge implicitly rejected all of the foregoing mental limitations (by state agency doctors). He was not free to choose simply to ignore this uncontradicted evidence, or pick and choose from it *sub silentio,* to craft an RFC."), *adopted by* 2003 WL 22722078 (D. Me. Nov. 18, 2003).

**B.     The ALJ Did Not Properly Explain the Weight Afforded to the Opinion of Jessica Anderton, Psy. D.**

The ALJ's opinion clearly shows that he was aware, and considered some, of the opinion from state agency psychologist, Jessica Anderton. Indeed, the ALJ referenced Dr. Anderton by name in conducting his step two severity analysis to determine Plaintiff's depression was a non-severe impairment, R. 204, and stated he gave Dr. Anderton's opinion "some weight" in formulating Plaintiff's RFC. R. 209 (citing Ex. 22F, Mental Residual Functional Capacity Assessment, R. 1162-65). The sum total of the ALJ's explanation for affording "some weight" to Dr. Anderton's opinion states, "This opinion is consistent with the other substantial evidence of record that claimant's depression is controlled by medication." R. 209. The Commissioner does not point to, and the Court does not find, any other citation in the administrative opinion specifying what this other substantial evidence of record is or how any particular portions of Dr. Anderton's various findings comport, or conflict, with such evidence.

The Commissioner argues, "Plaintiff's physical impairments were her primary concern and her doctor had only recently proscribed psychotropic medication." Comm'r's Br., p. 8 (citing R. 1164). Moreover, contends the Commissioner, because Plaintiff does not contest her depression is controlled by medication, Plaintiff has not established an

7

impairment to her mental functioning that would have made any difference to the outcome of this case.[2] The Court rejects this attempt to relieve the ALJ of the requirements imposed by the Commissioner's regulations as to how properly weighing medical opinions is integral to making a valid determination about the impact of a claimant's mental functioning on the ability to work.

Dr. Anderton completed a Psychiatric Review Technique Form ("PRT"), (Ex. 21F, R. 1148-61), and a more detailed Mental Residual Functional Capacity Assessment ("MRFC"), (Ex. 22F, R. 1162-65). In the PRT, Dr. Anderton found Plaintiff had "moderate" restrictions of activities of daily living and "moderate" difficulties in maintaining concentration, persistence, or pace. R. 1158. Dr. Anderton noted Plaintiff appeared credible, had a recent onset of "significant depressive symptoms, related to ongoing physical problems," and had "a severe mental impairment." R. 1160.

In the more detailed MFRC covering twenty detailed categories of functioning, Dr. Anderton found Plaintiff to be "moderately limited" in six categories, including (1) understanding and remembering detailed instructions, (2) maintaining attention and concentration for extended periods, and (3) completing a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. R. 1162-63. Dr. Anderton opined Plaintiff was able to interact appropriately and cooperatively, but had an impaired stress tolerance that indicated Plaintiff would function best in a low stress, stable work

---

[2]Plaintiff's reply makes clear she does contest any implication that she does not have any mental functional limitations simply because she utilizes a successful medicinal regimen. Pl.'s Reply, p. 7.

8

environment. R. 1164. She further opined Plaintiff's "serious mental symptoms" were intertwined with physical issues. Id.

These various levels of mental limitations are particularly relevant to determining whether Plaintiff can perform her past relevant work as department manager at a convenience store, a skilled job requiring social interaction. The VE classified as a department manager Plaintiff's past relevant work as a convenience store manager. R. 265. The varied duties of this skilled work may include listening to customer complaints, resolving problems to restore and promote good public relations, and performing customer service activities as required. See DOT Code 299.137-010. As Plaintiff summarizes, it is a job that is "skilled and socially intensive." Pl.'s Reply, p. 4.

Yet, in the administrative opinion, the ALJ only cited to the MFRC, and even then did not explain why he accepted some, but rejected other, portions of Dr. Anderton's opinion. For example, the ALJ appeared to agree with Dr. Anderton that Plaintiff has mild limitations in social functioning, R. 204, 1158, but then included no social deficits in Plaintiff's RFC, R. 205.[3] Dr. Anderton stated Plaintiff had a severe mental impairment, R. 1160, but the ALJ did not find a severe mental impairment at step two, R. 204. The ALJ said Plaintiff had mild limitations in activities of daily living, id., but the PRT found moderate limitations, R. 1158. The PRT also found moderate difficulties in maintaining concentration, persistence, or pace.

---

[3]The Commissioner dismisses mild mental limitations as irrelevant and not significantly limiting a claimant's ability to do basic mental activities. Comm'r's Br., p. 6. "While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may--when considered with limitations or restrictions due to other impairments--be critical to the outcome of a claim." SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996). That is, in combination with other limitations, a "not severe" impairment may prevent the return to past relevant work or narrow the range of other work that may still be available to a claimant. Id.

9

Id. However, the ALJ first stated Plaintiff had mild limitations, R. 204, and then changed his mind and included no such limitations in his RFC, R. 205.

The Court agrees with the Commissioner's argument that "the ALJ is not required to adopt a physician's *carte blanche* medical opinion." Comm'r's Br., p. 7. But that is not what Plaintiff argued. Rather, Plaintiff argued the ALJ had to *explain* his reasoning for accepting or rejecting various aspects of the opinion offered by Dr. Anderton: "The ALJ either accepted the opinion of SSA's state agency psychologist and failed to account for limitations identified in that opinion, or he rejected that opinion without explanation. Remand is required in either instance." Pl.'s Reply, p. 6.

The lack of explanation is even more problematic in light of the GAF scores in the record ranging from forty-five to fifty-five.[4] R. 185, 188, 1146. The parties agree that GAF scores are not dispositive of the disability determination. Pl.'s Br., pp. 9-10; Comm'r's Br., pp. 9-10; Pl.'s Reply, p. 8. However, when GAF scores suggestive of potential mental impairments are not mentioned anywhere in an administrative decision that has rejected limitations suggested by the only mental functioning opinion referenced, the Court cannot conclude the decision is supported by substantial evidence.

---

[4]According to the American Psychiatric Association Diagnostic & Statistical Manual of Mental Disorders,

> The GAF is a 100-point scale divided into 10 numerical rangers, which permits clinicians to assign a single-ranged score to a person's psychological, social, and occupational functioning. GAF scores of 41 to 50 indicated serious symptoms . . . or any serious impairment in social, occupational, or school functioning . . . ; scores of 51 to 60 indicate moderate symptoms (flat affect and circumstantial speech or occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (having few friends or conflicts with peers or coworkers.

Stone v. Comm'r of Soc. Sec., 586 F. App'x 505, 508 & n.2 (11th Cir. 2014).

Because the ALJ provided no specific information about why he gave "some weight" to only certain portions of Dr. Anderton's opinion, the Court has nothing to evaluate to determine whether the ALJ properly considered the entirety of Dr. Anderton's findings, or if he did, why he rejected the portions that conflicted with his ultimate RFC determination. Compounding the problem of the ALJ failing to explain why he rejected some portions of Dr. Anderton's opinion is the internal inconsistency of seeming to accept some portions of the opinion, and then without warning or explanation, pivoting 180 degrees and rejecting any limitations in the RFC based on findings that were seemingly, initially accepted.

Although it is clear that the ALJ considered at least portions of Dr. Anderton's findings, the ALJ failed to offer any explanation for cherry picking only portions that supported his conclusions about Plaintiff's mental functioning. "It is not enough to discover a piece of evidence which supports [the administrative] decision, but to disregard other contrary evidence. The review must take into account and evaluate the record as a whole." McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986); see also Martin v. Heckler, 748 F.2d 1027, 1033 (5th Cir. 1984) (rejecting misuse of one set of positive test results, to the exclusion of all other evidence of record, to find claimant not disabled when the ignored evidence suggested other severe impairments).

The Commissioner's post-hoc explanation of why the ALJ's analysis on Plaintiff's mental functioning does not change the disability determination cannot excuse the error because the Court cannot now engage in an administrative review that was not done in the first instance at the administrative level, but rather must examine the administrative decision as delivered. Mills v. Astrue, 226 F. App'x 926, 931-32 (11th Cir. 2007) (acknowledging evidence in the record not mentioned by the ALJ may support administrative decision but

11

concluding that court could not "say the error was harmless without re-weighing the evidence," which would require "conjecture that invades the province of the ALJ"); see also Martin, 748 F.2d at 1031 (noting it to be "inappropriate on judicial review for the first time to apply administrative criteria not themselves considered by the [Commissioner]").

The Commissioner suggests as a solution an "alternative finding" that even if Plaintiff could not return to her past relevant work, there were other jobs existing in the national economy Plaintiff could perform. Comm'r's Br., p. 3. As set forth above, the ALJ stopped the sequential process at the fourth step when he determined Plaintiff could perform her past relevant work. R. 209. Although the VE initially identified some sedentary jobs for Plaintiff in response to a hypothetical from the ALJ, R. 266-67, counsel mounted a vigorous cross-examination, and those jobs never made it into the final administrative decision.

The ALJ must base his decision on the entire record, not just the portions that support his ultimate conclusion. Because he did not do that in this case, the ALJ's decision is not based upon substantial evidence. See McCruter, 791 F.2d at 1548. The Court offers no opinion on what a complete and accurate review of the administrative record might conclude on Plaintiff's disability applications, but the Court cannot conclude that the decision as reported by the ALJ is supported by substantial evidence. As such, remand is warranted. The Court need not reach Plaintiff's remaining contentions. Cf. Pendley v. Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert testimony alone warrants reversal,' we do not consider the appellant's other claims.") Of course, should the District Judge accept this recommendation, on remand, Plaintiff's claims must be evaluated in accordance with the five-step sequential evaluation process and in compliance with the applicable regulations and case law in all respects.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 6th day of July, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA